IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-160-D

| | | |
|---|---|---|
| FARRAR & FARRAR DAIRY, INC., on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, v. | ) ) ) | **ORDER** |
| MILLER-ST. NAZIANZ, INC., | ) ) ) | |
| Defendant. | ) | |

Defendant Miller-St. Nazianz, Inc. ("Miller") filed a motion to exclude plaintiff's expert testimony and strike plaintiff's expert report. Plaintiff Farrar & Farrar Dairy, Inc. ("Farrar Dairy") filed a motion for leave to file a second amended complaint. Farrar Dairy's motion seeks to add Farrar & Farrar Farms ("Farrar Farms") as a named party and alter the proposed class definition. As explained below, the court denies Miller's motion to exclude plaintiff's expert testimony and strike plaintiff's expert report and grants Farrar Dairy's motion for leave to file a second amended complaint.

I.

Initially, the court reviews the procedural history and describes the parties (former, current, and proposed). On April 13, 2006, Farrar Dairy filed a class action complaint against Miller and Klerk's Plastic Products Manufacturing, Inc. ("Klerk's"). The complaint seeks damages relating to the design, manufacturing, warranting, and sale of "Ag-Bag" silage storage bags on behalf of individuals who purchased those bags between November 30, 2004, and January 1, 2006. Am. Compl. ¶ 1. Silage is fermented, high-moisture forage that is fed to cud-chewing animals such as cows. Id. ¶ 12. Silage storage bags assist in the fermentation process by minimizing oxygen

exposure. Id. ¶¶ 11-18. Farrar Dairy claims that because of defective design or manufacturing the Ag-Bag silage bags rupture during normal use, causing silage spoilage. Id. ¶ 2.

Farrar Dairy is a North Carolina corporation located in Harnett County that purchased Ag-Bag silage bags. Id. ¶ 7. Miller is a Wisconsin corporation that purchased the operating assets of Ag-Bag International Limited on November 30, 2004. Id. ¶¶ 8, 21. Before the purchase, Ag-Bag International Limited marketed and sold Ag-Bag silage bags that Up North Plastics, Inc. ("Up North") manufactured. Id. ¶ 21. Following the purchase and without public comment, Miller terminated the contract with Up North and contracted with Hyplast NV ("Hyplast") to manufacture silage bags sold under the Ag-Bag trademark. Id. ¶ 23. Hyplast is a Belgium corporation, owned by the same parent company as Klerk's. Id. ¶¶ 9-10. On December 22, 2005, Miller issued a press release stating that effective January 1, 2006, Up North would manufacture all Ag-Bag storage bags. Id. ¶ 35. Farrar Dairy's claims on behalf of itself and the putative class relate to alleged defects causing ruptures and oxygen exposure in the Ag-Bag storage bags that Hyplast manufactured and Miller sold. Id. ¶ 36.

On September 13, 2006, with leave of court, Farrar Dairy filed an amended complaint that added Hyplast as a defendant. On November 14, 2006, Hyplast filed a motion to dismiss for lack of personal jurisdiction. On January 12, 2007, Miller filed a motion to amend its answer to assert cross-claims of contribution and indemnification against Hyplast. On March 7, 2007, Farrar Dairy filed a notice of voluntary dismissal without prejudice of its claims against Hyplast. Also, Miller filed a motion for leave to file a third-party claim against Hyplast. On March 8, 2007, Farrar Dairy, Miller, and Klerk's filed a stipulation of dismissal of the claims against Klerk's.

On March 26, 2007, Miller filed a motion to exclude plaintiff's expert testimony and strike its expert report. Farrar Dairy responded, and Miller replied.

On April 10, 2007, Farrar Dairy filed a motion for leave to file a second amended complaint. In this motion, Farrar Dairy seeks to add Farrar & Farrar Farms, which owns the dairy farm operated by Farrar Dairy, as a named plaintiff. Also, Farrar Dairy seeks to alter the proposed class definition to include individuals who purchased Ag-Bag silage bags sold after January 1, 2006, but manufactured between November 30, 2004, and January 1, 2006. Miller opposes the motion.

On April 30, 2007, following oral argument, the court determined that it lacked personal jurisdiction over the claims Miller sought to assert against Hyplast. Accordingly, the court denied Miller's motion to amend its answer and motion for leave to file a third-party claim against Hyplast. Because Farrar Dairy dismissed its claims against Hyplast, Hyplast, like Klerk's, is no longer a defendant in this case.

II.

The court now addresses Miller's motion to exclude plaintiff's expert testimony and strike plaintiff's expert report. The motion concerns the "Preliminary Expert Report of Dr. Duane B. Priddy" ("report"), which Farrar Dairy served on Miller on January 29, 2007. Dr. Priddy is Farrar Dairy's class-certification expert. Miller contends that the report does not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).[1] Specifically, Miller argues that the report fails to "contain a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B) states in part:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

3

or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). Consequently, according to Miller, the court should strike the report and exclude Priddy's testimony pursuant to Rule 37(c).[2] Miller also seeks reasonable attorneys' fees and costs pursuant to Rules 16(f) and 37(c). Alternatively, Miller seeks an order compelling Farrar Dairy to produce a report that complies with Rule 26(a)(2)(B) and modifying the scheduling order to allow Miller to depose Priddy and disclose rebuttal experts. Farrar Dairy responds that Miller's motion is a premature Daubert challenge and that the report meets the Rule 26 requirements, particularly at the class-certification stage.

The court has reviewed the report and finds that it satisfies the disclosure requirements of Rule 26(a)(2). Cf. Carr v. Deeds, 453 F.3d 593, 601-05 (4th Cir. 2006) (affirming exclusion of expert due to failure to comply with Rule 26); Saudi v. Northrop Grumman Corp., 427 F.3d 271, 277-79 (4th Cir. 2005) (same). Contrary to Miller's assertions, the report contains a complete statement of the opinions to be expressed, and the reasons and bases for those opinions related to class certification:

> Since all of the Ag-Bags manufactured by HyPlast between November 30, 2004 and January 1, 2006 and sold by Miller and supplied to Plaintiff failed during its use, while Ag-Bags manufactured and supplied by Up-North Plastics used in previous years had not failed, it is my hypothesis that all of the bags manufactured by HyPlast between November 30, 2004 and January 1, 2006 and sold by Miller were defective.

Def.'s Br. in Supp. of Mot. to Exclude Pl.'s Expert Test. and Strike Its Expert Report, Ex. 1 § E (copy of the report). The report also contains Priddy's credentials (id. at 6-7), his publications (id.

---

[2] Federal Rule of Civil Procedure 37(c)(1) states in part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

at 8-11), a full description of documents and data that Priddy reviewed in forming his opinion (id. at 2-5), the compensation he is receiving for his testimony (id. at 5), and a list of cases in which he testified or was deposed within the last four years (id. at 12). In seeking to meet the threshold standards for class certification, Farrar Dairy is not required to prove the merits of its case before substantive discovery on the merits has taken place. See, e.g., In re Visa Check/Mastermoney Antitrust Litig., 280 F.3d 124, 132 n.4 (2d Cir. 2001); Black v. Rhone-Poulenc, Inc., 173 F.R.D. 156, 160 n.5 (S.D. W. Va. 1996). Miller has not shown that the report fails to comply with Rule 26(a)(2)(B). Accordingly, Miller's motion to exclude plaintiff's expert testimony and strike plaintiff's expert report is denied.

III.

In its motion for leave to file a second amended complaint, Farrar Dairy seeks to add Farrar Farms as a named plaintiff and alter the proposed class definition to include individuals who purchased Ag-Bag silage bags sold after January 1, 2006, but manufactured between November 30, 2004, and January 1, 2006. According to Farrar Dairy, "it has recently become apparent that (a) Farrar & Farrar Farms, a North Carolina General Partnership, owned the dairy farm, including land, cattle and equipment, in Harnett County, North Carolina that was operated by [Farrar Dairy]; (b) Farrar & Farrar Farms and [Farrar Dairy] were collectively engaged in farming activities; and (c) Farrar & Farrar Farms is a necessary party to this action." Pl.'s Mot. for Leave to File Second Am. Compl. ¶ 7. Moreover, Farrar Dairy states "it has also recently become apparent that silage storage bags manufactured from November 30, 2004 through January 1, 2006 may have been sold to consumers after January 1, 2006." Id. ¶ 8. The original definition was limited to those who purchased bags before January 1, 2006.

5

Rule 15(a) provides that leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court should deny leave "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted). Miller argues that the amendment would be prejudicial and futile.

The court disagrees. In Laber, the Fourth Circuit framed the prejudice inquiry as one concerning the amendment's nature and timing:

> A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.
>
> Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend.

Id. at 427 (citations and quotations omitted; alteration in original). Neither adding Farrar Farms as a named plaintiff nor altering the class definition raises a new legal theory or requires factfinding not already reasonably considered by Miller. The addition of Farrar Farms merely clarifies ownership over the land on which Farrar Dairy operates and over cows that allegedly died because of defective Ag-Bag storage bags. See Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave 2. Moreover, Farrar Dairy's proposed modification of the class definition merely reforms the definition to include those purchasers who happened to buy Ag-Bag storage bags manufactured by Hyplast but sold after Miller terminated its arrangement with Hyplast. The Federal Rules contemplate such modifications. See Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 23(c)(1)(C) (class "may be altered or amended before the final judgment").

The amendment also is not futile. To serve as a class representative, Farrar Farms ultimately must establish that its claims are typical of the claims of the class and that it will adequately and fairly protect the interests of the class. See Fed. R. Civ. P. 23(a). With class-certification discovery ongoing, the court cannot conclude that adding Farrar Farms as a named plaintiff would be futile. Additionally, Miller offers no support for its claim that it "should be liable only for those Ag-Bag silage bags that it sold before it exited the bag business at the end of 2005, not for the sales of silage bags by entities without [Miller's] knowledge or authorization." Def.'s Resp. & Mem. of Law in Opp'n to Pl.'s Mot. for Leave 15. Thus, Farrar Dairy's proposed modification of the class definition is not futile.

Alternatively, Miller argues that Rule 16(b) applies and requires denial of Farrar Dairy's amendment. Rule 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge. . . ." See Fed. R. Civ. P. 16(b). The court's scheduling order of August 16, 2006, states that "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after October 20, 2006, must meet the standards of Fed. R. Civ. P. 15 and 16." Scheduling Order 2 (Aug. 18, 2006). Upon the parties' requests, the court amended the scheduling order on September 26, 2006, November 30, 2006, February 21, 2007, and May 7, 2007. Under the order of May 7, 2007, the deadline for class certification-related discovery will be 30 days following the entry of this order. Revised Scheduling Order ¶ 1 (May 7, 2007).

A motion to amend a pleading filed after the deadline for amending pleadings in a scheduling order has passed becomes, "in effect, a motion to amend the Scheduling Order." Waldron v. Interactive Bus. Sys., Inc., 1999 WL 33455148, at *2 (E.D.N.C. Oct. 4, 1999) (unpublished). "A

7

schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b).

The United States Supreme Court has not addressed whether to analyze a motion to amend filed after the deadline for amending pleadings in a scheduling order under Rule 15(a), Rule 16(b), or both. Likewise, the Fourth Circuit has not addressed this issue in a published opinion. The circuit courts that have addressed the issue in published opinions all "have held that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely given' standard, governs motions to amend filed after scheduling order deadlines." See O'Connell v. Hyatt Hotels, 357 F.3d 152, 154-55 (1st Cir. 2004) (citing cases from the Second, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits). The Fourth Circuit's unpublished opinions are inconsistent. Cf. James River-Norwalk, Inc. v. Burch Roofing Co., Inc., 1989 WL 141656, at *2 (4th Cir. Nov. 16, 1989) (per curium) (considerations of Rule 16(b) are not relevant to the analysis of a motion for leave to amend after the date specified in a scheduling order); In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig., 1994 WL 118475, at *11 (4th Cir. Apr. 7, 1994) (not considering whether the district court was correct to use Rule 16(b) and Rule 15(a) because amending party satisfied both rules); Essential Housing Mgt., Inc. v. Walker, 1998 WL 559349, at *4 (4th Cir. June 9, 1998) (per curiam) (court deciding a motion to amend and motion to add a compulsory counterclaim "must apply both the Rule 16(b) analysis and the 13(f) analysis before allowing the amendment"); Naden v. Saga Software, Inc., 2001 WL 672071, at *2 (4th Cir. June 15, 2001) (per curiam) (not "expressing any view regarding whether the 'good cause' standard of Rule 16(b) applies when a plaintiff fails to submit his motion to amend prior to the deadline in the district court's scheduling order. . . ."); Wall v. Fruehau Trailer Servs., Inc., 2005 WL 428781, at *3 (4th Cir. Feb. 24, 2005) ("Here, the District Court properly exercised its discretion in determining that good cause existed to permit Wall to amend his complaint, pursuant

8

to Federal Rules of Civil Procedure 16(b) and 15(a)."); Vercon Const., Inc. v. Highland Mortg. Co., 187 F. App'x. 264, 265 (4th Cir. 2006) (per curiam) ("[W]hen granting leave to amend . . . would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause.").

Despite the lack of clarity from the Fourth Circuit, most district courts within the Fourth Circuit that have considered the question have adopted a two-part test whereby the amendment must satisfy the requirements of both Rule 16(b) and Rule 15(a), in that order. See, e.g., Ward v. Beaufort County Det. Ctr., 2006 WL 2927439, at *2 (D.S.C. Sept. 8, 2006); Dewitt v. Hutchins, 309 F. Supp. 2d 743, 748 (M.D.N.C. 2004); Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F. Supp. 2d 618, 631 (D. Md. 2003); Waldron, 1999 WL 33455148, at *2; Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); but see Arbaugh v. Bd. of Ed., 329 F. Supp. 2d 762, 767 (N.D. W. Va. 2004). Under the two-part test, the court initially examines "good cause" under Rule 16. If the movant demonstrates that "good cause" exists, then the court analyzes Rule 15. The court will follow this two-step analysis.

According to Rule 16(b), in order to amend a scheduling order, there must be "a showing of good cause" and leave of court. Fed. R. Civ. P. 16(b). Normally, "'[g]ood cause' under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C. 2003) (quotation omitted). The "'good cause' standard focuses on the timeliness of the amendment and the reasons for its tardy submission." Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D. Md. 2002). "[A] movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." Id. "The district court may modify the pretrial schedule if it

9

cannot reasonably be met despite the diligence of the party seeking the extension." Marcum, 163 F.R.D. at 254 (quotation omitted).

The court need not decide whether Rule 16(b) applies under these circumstances. Even if it does, the court finds good cause for the amendment. Farrar Dairy filed with the court excerpts of depositions supporting its claims that it learned of Farrar Farms' role and the need to alter the class definition during discovery. See Decl. of Geoffrey S. Proud, Exs. A & B. Farrar Farms exercised reasonable diligence. Further, the proposed amendment complies with Rule 15(a) and the court finds no undue delay and no prejudice. Farrar Dairy's motion to amend is granted. See Laber, 438 F.3d at 429.

IV.

As explained above, Miller's motion to exclude plaintiff's expert testimony and strike plaintiff's expert report is DENIED. Farrar Dairy's motion for leave to file a second amended complaint is GRANTED. Farrar Dairy shall file its second amended complaint not later than November 26, 2007.

SO ORDERED. This 16 day of November 2007.

JAMES C. DEVER III
United States District Judge