IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-160-D

| | | |
|---|---|---|
| FARRAR & FARRAR DAIRY, INC., and FARRAR & FARRAR FARMS, a North Carolina general partnership, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| MILLER-ST. NAZIANZ, INC., | ) ) | |
| Defendant. | ) ) | |

On April 13, 2006, Farrar & Farrar Dairy, Inc. ("Farrar Dairy") and Farrar & Farrar Farms ("Farrar Farms") (collectively "plaintiffs") sued Miller-St. Nazianz, Inc. ("Miller" or "defendant") alleging that Miller sold them defective silage bags [D.E. 1]. Compl. ¶¶ 26–30. On September 13, 2006, plaintiffs filed an amended complaint [D.E. 28]. Plaintiffs claimed negligence, breach of express warranty, breach of implied warranty of merchantability, unfair trade practices in violation of Wisc. Stat. § 100.20, and unjust enrichment. Am. Compl. ¶¶ 46–106. On August 20, 2010, Miller filed motions to exclude the testimony of plaintiffs' expert at trial [D.E. 154] and for summary judgment [D.E. 149]. On November 22, 2010, plaintiffs requested leave to file a third amended complaint [D.E. 176]. On March 31, 2011, the court issued an order granting Miller's motion for summary judgment, denying plaintiffs' motion for leave to file a third amended complaint, and denying as moot Miller's motion to exclude expert testimony [D.E. 181]. On April 14, 2011, Miller filed a motion for a bill of costs, seeking $10,381.49. Def.'s Mot. Costs [D.E. 183] 1. On April 28, 2011, plaintiffs objected to Miller's bill of costs [D.E. 184] and filed a supporting memorandum [D.E. 185]. As explained below, the motion for costs is granted in part and denied in part.

I.

Rule 54(d)(1) of the Federal Rules of Civil Procedure governs a postjudgment motion for an award of costs. See Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Id. A "prevailing party" is "a party in whose favor a judgment is rendered [or] one who has been awarded some relief by the court . . . ." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 600–03 (2001) (quotation omitted). "[T]he rule gives a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). However, a district "court has discretion to award or deny costs to the prevailing party." Couram v. S.C. Dep't of Motor Vehicles, 3:10-00001-MBS, 2011 WL 6115509, at *2 (D.S.C. Dec. 8, 2011) (unpublished); see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. A court "must justify its decision to deny costs by articulating some good reason for doing so." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1996) (quotation and citations omitted); see Teague, 35 F.3d at 996. A losing plaintiff's good faith in bringing a suit is an insufficient basis, standing alone, to justify a denial of costs in favor of a prevailing defendant. Cherry, 186 F.3d at 446. Instead, a losing plaintiff's good faith is a "virtual prerequisite" to a denial of costs in favor of the prevailing party. Id. Upon a finding of the losing party's good faith, the court should deny an award of costs when "there would be an element of injustice in a presumptive cost award." Id.; see Delta Air Lines, 450 U.S. at 355 n.14. The factors that a court should consider to determine whether such an element of injustice would arise from an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the

2

costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished); see Cherry, 186 F.3d at 446–47.

When an award of costs to the prevailing party is appropriate, the court looks to federal law to determine the scope of the award. See Crawford, 482 U.S. 441–43. Section 1920 of title 28 of the United States Code lists taxable costs. 28 U.S.C. § 1920; see Crawford, 482 U.S. at 441 ("Section 1920 defines the term 'costs' as used in Rule 54(d)").[1] Section 1920's list of recoverable costs is exhaustive as to "expenses that a federal court may tax under the discretionary authority found in Rule 54(d)." Crawford, 482 U.S. at 441–42. Accordingly, "Rule 54(d) does not provide authority to tax as costs those expenses not enumerated in [section] 1920." Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988); see Crawford, 482 U.S. at 441–42.

A court's local rules may also bear on a party's right to a bill of costs. Pursuant to Rule 83 of the Federal Rules of Civil Procedure, "a district court . . . may adopt and amend rules governing its practice." See Fed. R. Civ. P. 83(a)(1). Local rules promulgated pursuant to Rule 83 "have the force and effect of law, and are binding upon the parties and the court which promulgated them[.]" Jackson v. Beard, 828 F.2d 1077, 1078 (4th Cir. 1987) (quotation omitted). District courts have

---

[1] Taxable costs under section 1920 include:

(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 . . . ; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ."

28 U.S.C. § 1920.

"broad discretion to interpret their local rules [and] [o]nly in rare cases will [appellate courts] question the exercise of discretion in connection with the application of . . . local rules." Qualls by and through Qualls v. Blue Cross of Calif., Inc., 22 F.3d 839, 842 n.2 (9th Cir. 1994) (quotations and citations omitted); see AM Props. v. Town of Chapel Hill, 202 F. Supp. 2d 451, 453 (M.D.N.C. 2002). District courts routinely apply local rules regulating the nature of recoverable costs. See, e.g., Couram, 2011 WL 6115509 at *1; Bland v. Farifax Cnty., No. 1:10-CV-1030, 2011 WL 5330782, at *5 (E.D. Va. Nov. 7, 2011) (unpublished). This court has promulgated a local rule governing the taxation of costs. See Local Civil Rule 54.1.[2] Accordingly, this local rule further refines the scope of recoverable costs in this matter.

Miller requests $8,087.75 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Def.'s Mot. Costs 1; see id. Ex. 1 ("Itemization of Costs") 6. Miller also requests $650.40 for "[f]ees and disbursements for printing." Def.'s Mot. Costs 1;

---

[2] Local Civil Rule 54.1(c) states that normally recoverable costs include, without limitation:

> (a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition; (b) premiums on required bonds; (c) actual mileage subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district; (d) one copy of the trial transcript for each party represented by counsel.

Local Civil Rule 54.1(c)(1). Local Civil Rule 54.1(c) also identifies items "normally not taxed, without limitation" as:

> (a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties; (b) multiple copies of depositions; (c) daily copy of trial transcripts, unless prior court approval has been obtained.

Local Civil Rule 54.1(c)(2).

4

see Itemization of Costs 1–4. Finally, Miller seeks $1,643.34 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Def.'s Mot. Costs 1; see Itemization of Costs 5.

A.

Plaintiffs do not contest that Miller was the prevailing party. See Pls.' Opp'n Costs [D.E. 184] 1–2. However, they ask the court to exercise its discretionary authority and "deny Miller's request [for costs] in toto." Id. In support, plaintiffs state that they meet the threshold requirement of having acted in good faith in bringing the suit. Id. 4–5.[3] Plaintiffs argue that "there was no dispute that there were problems with the quality of the plastic in the bags" at issue in the dispute and that plaintiffs' allegation that these problems resulted from a "manufacturing defect . . . [was] at all times reasonable and well-grounded in facts . . . ." Id. 5.

The record supports plaintiffs' assertions of good faith. Moreover, there is nothing in the record to suggest that plaintiffs' claims were "vexatious, frivolous, or [brought] in bad faith." Cf. 18 U.S.C. § 3006A. Accordingly, the court analyzes whether there would be an element of injustice in a presumptive award of costs.

---

[3] Plaintiffs actually list their good faith as the second of three factors that suggest that the court should exercise its discretionary authority and deny Miller's bill of costs. See id. 3–6. However, a losing party's good faith is not one of the factors giving a court "good reason" to deny an award of costs. See Cherry, 186 F.3d at 446; Teague, 35 F.3d at 996; see also Nat'l Info. Servs. Inc. v. TRW, Inc., 51 F.3d 1470, 1472–73 (9th Cir. 1995) ("If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party, and not a knave, Rule 54(d)(1) would have little substance remaining." (quotation omitted)), overruled on other grounds by Ass'n of Mexican-Am. Educators v. State of Calif., 231 F.3d 572, 592–93 (9th Cir. 2000) (en banc). Instead, it is a threshold factor that a losing party must establish before the court considers whether the presence of other factors give it good reason to deny an award of costs. See Cherry, 186 F.3d at 446.

5

Plaintiffs argue that two factors warrant denying an award of costs. See Pls.' Opp'n Costs 4–6. First, plaintiffs state that the case was "complex and difficult . . . given the legal issues involved and the extensive discovery . . . ." Id. 4. According to plaintiffs, the case was more complex than the court's summary judgment order indicates. Id. Plaintiffs note that Miller offered three alternative arguments in support of its motion for summary judgment that the court did not address. Id.; see Def.'s Mem. Supp. Mot. Summ. J. [D.E. 153] 19–24, 28–29. Accordingly, plaintiffs argue that their good faith in bringing the case and the nature of the issues involved "should be sufficient for this Court to . . . deny costs to Miller . . . ." Pls.' Opp'n Costs 4.

The court may consider whether "the case in question was a close and difficult one" when deciding whether to assess costs against a losing party. Teague, 35 F.3d at 996. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 732–33 (6th Cir. 1986). Courts that have denied awards of costs on this basis have generally done so following trial adjudications of novel issues. See, e.g., Ellis, 434 F. App'x at 235 ("The case was hotly contested at trial and in the previous appeal."); White, 786 F.2d at 732 (upholding denial of award of costs on the basis of complex legal issues when "the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion"); Turner v. United States, 736 F. Supp. 2d 980, 1024 (M.D.N.C. 2010); Va. Panel Corp. v. MAC Panel Co., 203 F.R.D. 236, 237–38 (W.D. Va. 2001). A case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs. See McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005).

6

Miller's motion for summary judgment did not involve close or difficult issues. See Order [D.E. 181]. Rather, at summary judgment, the court straightforwardly applied settled North Carolina law. See id. 8–14. Plaintiffs suggest that Miller's raising unaddressed alternative arguments made the dispute close or difficult. See Pls.' Opp'n Costs 4. However, the court has not considered whether the issues raised by those arguments were close or difficult, and it need not do so now. Assuming that the issues were close or difficult, they were not necessary to the resolution of the dispute. Accordingly, the case did not "involve" the issues. Moreover, plaintiffs do not suggest that Miller's alternative arguments actually raised difficult issues. To the contrary, Miller's additional arguments suggest that there were numerous ways to resolve the case without a trial. See Ellis, 434 F. App'x at 235. Thus, the closeness or difficulty of issues involved in this case do not support denying costs to Miller.

Next, plaintiffs argue that their inability "to bear the full costs that Miller seeks[]" supports the court's denial of Miller's requested costs. Id. 5–6. A losing party's "inability to pay . . . costs" may give the court good cause to deny an award of costs. Ellis, 434 F. App'x at 235–36; Teague, 35 F.3d at 996–97. However, good cause exists only when the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against [it]." Cherry, 186 F.3d at 447. Plaintiffs allege that they incurred "substantial damages of $171,657 and [were] forced to exit the dairy industry[]" due to their purchase of Miller's "defective silage bags." Pls.' Opp'n Costs 6.

As explained in the court's summary judgment order, Miller is not liable for plaintiffs' losses. Moreover, plaintiffs' assertion concerning the decision to leave the dairy industry is irrelevant because "[t]he pertinent question is not whether the non-prevailing party suffered an economic hardship as a consequence of the outcome of the litigation . . . ." Schwarz & Schwarz of

7

Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 WL 452743, at *2 (W.D. Va. Feb. 8, 2010) (unpublished). Other than an unsupported assertion about plaintiffs' hardship, plaintiffs have not documented their financial condition in a way that suggests that an award of costs would be "unjust or inequitable" due to plaintiffs' "modest means." See Cherry, 186 F. 3d at 447. "Merely stating that one is of 'modest means' is insufficient to overcome the presumption that the losing party must pay the prevailing party's costs." Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 588 (D. Md. 2004); see Schwarz & Schwarz, 2010 WL 452743, at *2; Synergistic Int'l, LLC v. Korman, No. 2:05-CV-49, 2007 WL 517676, at *6 (E.D. Va. 2007) (unpublished). Accordingly, plaintiffs' adverse financial condition does not support the court's denial of Miller's bill of costs.

B.

Alternatively, plaintiffs ask the court to "reduce Miller's bill of costs to only those costs that Miller has shown are expressly authorized by federal statute, were necessary for the litigation, and are in a reasonable amount." Pls.' Opp'n Costs 7–9. Plaintiffs first object to Miller's request for $1,643.34 for costs incurred for scanning documents. Id. 8–9; see Def.'s Mot. Costs 1; Itemization of Costs 5. Plaintiffs state that Miller incurred these costs "so that [its documents] could be deemed searchable," and characterize the costs as "nothing more than convenience and overhead charges that are not recoverable . . . ." Pls.' Opp'n Costs 8–9. Plaintiffs also argue that Miller "has not and cannot establish that these costs were reasonable or necessary." Id. 9.

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials when the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Courts of appeals have held that "electronic scanning and imaging could be interpreted as exemplification . . . ." BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005)

8

(quotation omitted); see In re Ricoh Co., Ltd. Patent Litigation, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("The act of producing documents is not so narrowly construed as to cover only printing and Bates-labeling a document."). The Fourth Circuit has not considered whether scanning-related costs are recoverable costs under section 1920(4). However, district courts in this circuit have generally held that a party may recover necessary costs incurred for scanning documents. See Mann v. Heckler & Koch Defense, Inc., No. 1:08-CV-611 (JCC), 2011 WL 1599580, at *8 (E.D. Va. Apr. 28, 2011) (unpublished); Francisco v. Verizon South, Inc., 272 F.R.D. 436, 445–46 (E.D. Va. 2011).

Plaintiffs allege that Miller's motive for scanning the documents was to make them searchable. Pls.' Obj. Costs 8. However, plaintiffs do not substantiate this allegation. See id. Moreover, Miller's scanning served to reproduce paper documents in electronic form. If the documents became searchable in their electronic form, then this result was simply an added benefit. Furthermore, courts have held that costs incurred for scanning voluminous amounts of paper in response to or received through discovery requests are necessary pursuant to section 1920(4). See, e.g., Paradigm Alliance, Inc. v. Celeritas Techs., LLC, No. 07-1121-EFM, 2011 WL 3849724, at *1 (D. Kan. Aug. 30, 2011) (unpublished); Cargill, Inc. v. Progressive Dairy Solutions, Inc., No. CV-F-07-0349, 2008 WL 5135826, at *6 (E.D. Cal. Dec. 8, 2008) (unpublished).

These principles apply to Miller's request for $1,643.34, and the court finds the costs necessary and recoverable. Thus, the court awards Miller $1,643.34 under section 1920(4).

Next, plaintiffs object to Miller's request for $625.50 for the original and one copy of the transcript of Thomas Jeffries's deposition. Pls.' Obj. Costs 9; see Def.'s Mot. Costs Ex. 2 ("Invoices") 2. "[M]ultiple copies of depositions" are normally not taxable costs. Local Civil Rule 54.1(c)(2)(b). Because the court cannot determine what portion of the $625.50 is attributable to the

original as opposed to the copy, the court denies the entire requested amount. See Parsih v. Siemens Med. Solutions USA, Inc., No. 5:08-CV-622-BR, 2011 WL 1098966, at *2 (E.D.N.C. Mar. 15, 2011) (unpublished).

II.

In sum, the court GRANTS in part and DENIES in part the motion for costs [D.E. 183]. The court DENIES Miller's request for $625.50 for transcripts of Thomas Jeffries's deposition, but awards $9,755.99 in costs to Miller.

SO ORDERED. This 8 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge